**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco Sandoval ESPINOZA,**
**Defendant–Appellant.**

No. 00–30166.
D.C. No. CR–99–05470–RJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2001.

Decided July 13, 2001.

Before B. FLETCHER, BRUNETTI, and FISHER Circuit Judges.

### MEMORANDUM *

Pursuant to a plea agreement, Francisco Sandoval Espinoza pled guilty to possession of pseudoephedrine, a list I chemical, with intent to manufacture methamphetamine, a controlled substance, in violation of 21 U.S.C. § 841(d)(1).[1] Espinoza appeals from his sentence, arguing that the district court improperly calculated his base offense level and that it erred in concluding that it was without legal authority to depart downward. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

### A. Base Offense Level

We review de novo a district court's interpretation of the Sentencing Guidelines, its application of the Guidelines to the facts for an abuse of discretion, and its findings of facts for clear error. *Unit-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. The parties are familiar with the facts of this case. We repeat only those that are necessary to explain our decision.

*ed States v. King,* 246 F.3d 1166, 1176–77 (9th Cir.2001). At Espinoza's sentencing hearing, the parties disputed the proper way to calculate Espinoza's base offense level. Espinoza and the government agreed that, because Espinoza had attempted to manufacture methamphetamine from the pseudoephedrine found in the barn, U.S.S.G. § 2D1.11(c)(1) required the district court to use U.S.S.G. § 2D1.1(c), the Drug Quantity Table, in determining Espinoza's base offense level. The government argued that the pseudoephedrine found in the storage locker constituted "relevant conduct" under the Guidelines. *See* U.S.S.G. § 1B1.3. It argued that the pseudoephedrine found in the locker should be added to that found in the barn and that this combined amount should be used to calculate the amount of methamphetamine for which Espinoza is responsible under § 2D1.1. To the contrary, Espinoza argued that the pseudoephedrine found in the storage locker did not constitute "relevant conduct" and so should not be included in the calculation of his base offense level.

Under U.S.S.G. § 1B1.3(a)(2), all acts and omissions by the defendant that occurred during the commission of the offense of conviction that were part of the same course or conduct or common scheme or plan as the offense of conviction are "relevant conduct," provided that the offenses are of a character for which § 3D1.2(d) would require grouping of multiple counts. By its plain terms, § 3D1.2(d) applies to offenses covered by § 2D1.1 (unlawful manufacturing of a controlled substance) and § 2D1.11 (unlawful possession of a listed chemical). Because Espinoza used the pseudoephedrine in the barn in an attempt to manufacture methamphetamine, it is covered by § 2D1.1. Because he possessed the pseudoephedrine in the locker with the intent to manufacture methamphetamine, it is covered by § 2D1.11. Section 3D1.2(d) would require

grouping, so the pseudoephedrine in the locker is relevant conduct under § 1B1.3(a)(2). Because possession of the locker pseudoephedrine was "relevant conduct" under § 1B1.3(a)(2), the district court properly aggregated the locker and barn pseudoephedrine in calculating Espinoza's base offense level under § 2D1.1. *See* U.S.S.G. § 2D1.1 cmt. n. 12. We therefore affirm the district court's calculation of Espinoza's base offense level.

## B. *Downward Departure*

■ While we review a district court's decision to depart from the Sentencing Guidelines for an abuse of discretion, *Koon v. United States,* 518 U.S. 81, 99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), we lack jurisdiction to review a district court's discretionary refusal to depart downward from the Guidelines, *United States v. Tam,* 240 F.3d 797, 805 (9th Cir.2001). We do, however, have jurisdiction to review a district court's conclusion that it lacks legal authority under the Guidelines to depart downward. *Koon,* 518 U.S. at 100; *United States v. Mendoza,* 121 F.3d 510, 513 (9th Cir.1997).

■ At the sentencing hearing, Espinoza argued that the district court had the authority to grant a downward departure based on a sentencing disparity that resulted from improper prosecutorial manipulation of co-defendants' indictments. *Cf. United States v. Daas,* 198 F.3d 1167, 1180–81 (9th Cir.1999) (recognizing that "[d]ownward departure to equalize sentencing disparity is a proper ground for departure under the appropriate circumstances"). On appeal, Espinoza claims that the district court did not recognize that it had the authority to depart to remedy an inappropriate manipulation of the indictment. However, the record belies Espinoza's characterization. In ruling on this issue, the district court clearly recog-

nized that it had the legal authority to grant a downward departure if it found that the government had engaged in inappropriate manipulation of Espinoza's and Joy's indictments. The court declined to exercise its departure power because it found that the government had not, in fact, inappropriately manipulated the indictments. Therefore, we are without jurisdiction to review Espinoza's challenge to the district court's departure decision. We therefore dismiss his appeal on this issue.

AFFIRMED IN PART, DISMISSED IN PART.